UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID CAFFELL, *et al.*,  )
                                 )   CASE NO. C03-3374RSM
      Plaintiffs,  )
                                 )   ORDER DENYING DEFENDANT'S
    v.  )   MOTION FOR SUMMARY JUDGMENT
                                 )
REGENCE BLUESHIELD,  )
                                 )
      Defendant.  )
_____)

## I. INTRODUCTION

This matter comes before the Court on defendant's Motion for Summary Judgment. (Dkt. #52). Defendant asks the Court to dismiss all of plaintiffs' claims with prejudice, arguing that none of the statutes or regulations cited by plaintiffs support a cause of action against defendant. Plaintiffs object to the motion, arguing that they have raised genuine issues of material fact with regard to whether defendant has complied with the Washington Patient Bill of Rights, and in particular the network adequacy provisions, and therefore, summary judgment is not appropriate. For the reasons set forth below, the Court agrees with plaintiffs, and DENIES defendant's motion.

## II. DISCUSSION

**A. Background**

Plaintiffs are seven individuals who live in the Bellingham, Washington, area and have health

ORDER DENYING MOTION FOR SUMMARY JUDGMENT
PAGE - 1

care coverage through defendant. Plaintiffs all have severe spinal injuries, and have either treated or expressed a desire to treat their injuries with Dr. Yin, who focuses his practice on an "evidence-based methodology for diagnosing and treating spinal injuries and pain." (Dkt. #26 at 2). Dr. Yin practices out of a clinic in Bellingham called Interventional Medical Associates of Bellingham, P.C. He has a contract with defendant, so all of his services are covered under plaintiffs' health care coverage as in-network benefits. However, Dr. Yin also owns Northwest Ambulatory Services, LLC ("NASS"). NASS does not have a contract with defendant, and therefore, any facility fees incurred for services performed at that center are not covered by defendant. In the instant case, plaintiffs seek services that are provided at NASS, and assert that defendant's failure to contract with NASS violates the Washington State regulations governing health care service providers. Specifically, plaintiffs allege, *inter alia*, that defendant's failure to contract with NASS violates the Network Adequacy Provision of the Patient Bill of Rights, as described in section 284-43-200 of the Washington Administrative Code. (Dkt. #1 at 12-13). Defendant has responded that NASS refused to contract with defendant on reasonable terms.

**B. Summary Judgment Standard**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v.*

*Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248.  Material facts are those which might affect the outcome of the suit under governing law.  *See id.*  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).

**C. Superfluous Arguments**

As a threshold matter, the Court notes that defendant has asked for summary judgment on several issues that are not raised by plaintiffs in their Complaint.  Specifically, defendants seek summary judgment on all claims involving alleged violations of RCW 48.43.515 or WAC 284-43-251, RCW 48.43.045 or WAC 284-43-205, and RCW 48.43.545.  (Dkt. #52 at 5-10).  However, plaintiffs note that they have not raised such alleged violations in this lawsuit.  (Dkt. #56 at 2).  Rather, plaintiffs seek to enforce RCW 48.43.500 and .515 and WAC 284-43-200 through their breach of contract claims.  Accordingly, the Court will disregard defendant's arguments on those issues, and finds that summary judgment is neither necessary nor appropriate.

**D. Motion to Strike**

As a secondary matter, defendant has asked this Court to strike two exhibits to the Hamburger declaration, which was filed in opposition to its motion for summary judgment.  Local Rule CR 7(g). Defendant identifies Exhibit G, reflecting a job posting on the Gaswork.com website, and Exhibit L, which is a Certificate of Need Analysis for NASS and a Determination of Renewability Letter from Northwest Radiologists' Ambulatory Surgery Center, and argues that neither exhibit is admissible at trial because they constitute inadmissible hearsay.  (Dkt. #59 at 11-12).

The Court agrees with defendant that Exhibit G is inadmissible hearsay, and should be stricken

ORDER DENYING MOTION FOR SUMMARY JUDGMENT
PAGE - 3

from the record. (*See* Dkt. #58, Ex. G). Ms. Hamburger has no personal knowledge of the information contained in the job posting, and the posting appears to be offered to prove the truth of the matter asserted. (Dkt. #58 at 3). Thus, the posting constitutes inadmissible hearsay. Fed. R. Evid. 801; *see U.S. v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000) (explaining that "'[a]ny evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretations of the hearsay exception rules.'") (citation omitted). Accordingly, the Court will disregard that exhibit in making its decision below.

The Court also agrees that with defendant that Exhibit L is inadmissible hearsay. Ms. Hamburger has no personal knowledge of the facts contained within the documents presented in the exhibit. (*See* Dkt. #58 at 4). Furthermore, the Court agrees that the public records exception does not apply to this evidence. *See U.S. Pazsint*, 703 F.2d 420, 424-25 (9th Cir. 1983) (explaining that in the context of the business records exception, information provided by a person with no duty to report accurately cannot be given the required presumption of reliability and regularity). Accordingly, the Court will also disregard that exhibit in making its decision below.

**E. Network Adequacy Claims**

The Court now turns to defendant's argument that plaintiffs cannot maintain a claim based on the network adequacy provisions of the Washington Patient Bill of Rights. (Dkt. #52 at 10-13). As a threshold matter, defendant argues that plaintiffs cannot maintain a private cause of action to enforce the network adequacy. (Dkt. #59). Defendant then argues that, even if plaintiffs could bring such action, their claims fail for several reasons. First, defendant argues that it has network adequacy under WAC 284-43-200. Second, defendant asserts that the category of "pain management" is not a type of provider or facility that is included in the regulation's requirement of network adequacy. Finally, defendant argues that the terms of its proposed contract with NASS were reasonable as a matter of law, which is a defense to a claim for violations of the regulation. (Dkt. #52 at 10-11).

ORDER DENYING MOTION FOR SUMMARY JUDGMENT
PAGE - 4

1  Plaintiffs answer that whether defendant maintained an adequate network under WAC 284-43-
2  200, whether NASS was willing to contract with defendant on "reasonable terms and conditions," and
3  whether defendant failed to ensure that plaintiffs obtained covered services within their local
4  community at no greater cost than if those services had been obtained from a network facility, all raise
5  genuine factual issues that preclude summary judgment.  (Dkt. #56 at 3).  Plaintiffs further argue that
6  defendant's legal arguments that the network adequacy regulation does not cover "pain management,"
7  and that the Insurance Commissioner has approved defendant's network adequacy reports, are
8  incorrect as a matter of law.  Accordingly, plaintiffs ask this Court to deny summary judgment.

9  The Court first notes that defendant's threshold argument that plaintiffs cannot maintain a
10 claim based on the network adequacy provisions of the Washington Patient Bill of Rights has already
11 been rejected in its previous Order granting plaintiffs' Motion for Partial Summary Judgment.  (Dkt.
12 #81).  The Court relies on the analysis set forth in that Order, and denies defendant summary judgment
13 on that basis.

14 As for defendant's argument that its network is adequate under WAC 284-43-200, the Court
15 agrees with plaintiffs that material facts about that issue are in dispute.  Plaintiffs assert that there is no
16 other provider or facility in the Bellingham area that can provide the specialized pain management
17 services that they require.  Plaintiff notes that the provider upon which defendant relies to demonstrate
18 adequacy in pain management services, is not currently practicing in Bellingham.  Moreover, plaintiff
19 notes that the doctor didn't start performing his services until more than a year after the NASS
20 contracted ended with defendant.  Finally, plaintiffs present evidence in support of their contention
21 that Dr. Yin can only treat them at NASS, and not the other hospitals named by defendant.  While
22 defendant argues that plaintiffs' factual issues are immaterial because the Office of the Insurance
23 Commissioner doesn't require a network adequacy assessment of low-volume specialties like pain
24 management or anesthesiology, and only the Insurance Commissioner has the authority to "approve"

ORDER DENYING MOTION FOR SUMMARY JUDGMENT
PAGE - 5

its network adequacy, the Court finds defendant's argument unpersuasive. Defendant has provided no evidence demonstrating that its network adequacy was ever approved. Rather, defendant asserts that the Commissioner's failure to object to the quarterly reports submitted by defendant constitutes conclusive evidence that its network is acceptable. Because defendant presents no authority that provides for that conclusion, the Court does not agree. Accordingly, the Court finds that the factual issues raised by plaintiff go directly to the question of network adequacy, and preclude summary judgment for defendants.

### F. Reasonableness of NASS Contract

Defendant next argues that plaintiffs' claims must fail because the terms offered to NASS were reasonable, and NASS's failure to accept those terms compel judgment in defendant's favor. (Dkt. #52 at 12-13). Defendant's argument rests solely on the fact that it has offered the highest reimbursement rates ever paid to an Ambulatory Surgery Center in Washington. Thus, defendant argues that no reasonable arbiter of fact could conclude that such an offer was unreasonable.

Plaintiffs, on the other hand, note that reasonableness cannot be defined solely by what different Ambulatory Surgery Centers in different financial circumstances will accept. (Dkt. #56 at 6-7). The Court agrees. Plaintiffs raise factual questions about whether defendant's proposed terms were reasonable for NASS, considering the type of services provided there, the type of equipment used in providing those services, and the type of contracts it has with other commercial and public payors. Accordingly, the Court finds that the factual issues raised by plaintiff go directly to the question of reasonableness, and preclude summary judgment for defendants.

### G. Alternative Network Services

Finally, plaintiffs argue that, independent of the contract reasonableness issue, defendant failed to provide adequate notice to plaintiffs about how to find pain management services at no greater cost than if the services were obtained within the network, once defendant's contract with NASS had

ORDER DENYING MOTION FOR SUMMARY JUDGMENT
PAGE - 6

1  ended. (Dkt. #56 at 8-9). The Court notes that while defendant moved for summary judgment on all

2  of plaintiffs' claims, it failed to present any argument or evidence on this issue in its motion.

3  Accordingly, to the extent defendant requests summary judgment on plaintiff's failure to provide

4  notice of alternate services claim, the Court finds that summary judgment is not appropriate at this

5  time.

### III. CONCLUSION

7  Having reviewed defendant's motion for summary judgment (Dkt. #52), plaintiffs' opposition

8  (Dkt. #59), defendant's reply (Dkt. #59), the declarations in support of those briefs, and the remainder

9  of the record, the Court hereby finds and ORDERS:

10  (1) Defendant's Motion for Summary Judgment (Dkt. #52) is DENIED.

11  (2) The clerk shall forward a copy of this Order to all counsel of record.

13  DATED this   22   day of March 2005.

15  /s/ Ricardo S. Martinez
RICARDO S. MARTINEZ
United States District Judge

26  ORDER DENYING MOTION FOR SUMMARY JUDGMENT
PAGE - 7